# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT L. BOWENS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1292** (BOR Appeal No. 2048339)
             (Claim No. 2011002542)


**CECIL I. WALKER MACHINERY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert L. Bowens, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Cecil I. Walker Machinery, by Lisa W. Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 22, 2013, in which the Board reversed an April 3, 2013, Order of the Workers' Compensation Office of Judges insofar as it affirmed the denial of the request to add a wrist sprain as a compensable component of the claim. The Board of Review affirmed the Office of Judges insofar as it denied the request to add a shoulder tear as a compensable component of the claim. In its Order, the Office of Judges affirmed the claims administrator's decision to deny the request to add a wrist sprain and a shoulder tear as compensable conditions under the July 13, 2010, compensable injury. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bowens, an employee of Cecil I. Walker Machinery, injured himself while turning a torque wrench on July 13, 2010. When Mr. Bowens was first evaluated he complained of pain in the wrist, elbow, and shoulder. As a result, Robert McCleary, D.O., ordered an MRI of the

1

elbow. The MRI revealed an extensor tendon tear. Dr. McCleary advised Mr. Bowens that surgery with sports mesh would help his condition. Dr. McCleary performed the surgery. On a routine follow-up to Dr. McCleary after the surgery Mr. Bowens complained of shoulder pain. Dr. McCleary ordered an MRI of the shoulder. It revealed acromioclavicular joint arthropathy as well as tendinopathy of the rotator cuff tendon with increased signal. On July 25, 2010, the claims administrator held the claim compensable for a right elbow sprain. On March 21, 2012, Dr. McCleary submitted a request to add the compensable diagnosis of a wrist strain and a shoulder tear to the July 13, 2010, injury. On August 27, 2012, the claims administrator, based upon a report from Prasadarao Mukkamala, M.D., denied adding the shoulder tear and wrist sprain to the claim. Dr. Mukkamala opined that Mr. Bowens had a long history of degenerative changes, which caused his shoulder injury. Dr. Mukkamala also opined that the wrist pain Mr. Bowens felt after the surgery was a result of the surgery and the tightening of the muscles in the forearm, not any compensable injury. Mr. Bowens protested. Mr. Bowens also underwent physical therapy. The notes from his physical therapy reveal that he had wrist pain.

The Office of Judges determined that Mr. Bowens did not suffer a tear of his shoulder in the course of and resulting from his employment with Cecil I. Walker Machinery. The Office of Judges agreed with the claims administrator that Dr. Mukkamala's report was the most persuasive report of record. Dr. Mukkamala had the benefit of a post-operative report from Dr. McCleary's surgery that opined that there was no rotator cuff tear. However, there was a labral degenerative tear. Dr. Mukkamala opined that Mr. Bowens's labral tear was degenerative in nature and not related to his employment. The Office of Judges also accepted the report of Dr. Mukkamala as persuasive on the issue of whether Mr. Bowens suffered a wrist sprain. Dr. Mukkamala opined that the wrist pain Mr. Bowens felt after the surgery was a result of the surgery and the tightening of the muscles in the forearm, not any compensable injury. As a result, the Office of Judges affirmed both parts of the claims administrator's Order. Mr. Bowens protested.

The Board of Review agreed with the Office of Judges that the shoulder tear was not a compensable condition under the claim. However, the Board of Review determined that it was appropriate to add the right wrist sprain as a compensable component of the claim. The Board of Review noted that on or about July 13, 2010, Mr. Bowens was turning a torque wrench when his right elbow popped. It then noted that the initial medical records document right wrist pain. Dr. McCleary also noted Mr. Bowens's complaints of right elbow and wrist pain during his evaluation on August 11, 2010. The physical therapist also noted wrist pain. As a result the Board of Review concluded that Mr. Bowens did suffer a wrist strain related to his July 13, 2010, injury. In regard to the shoulder tear, the Board of Review adopted the findings of the Office of Judges in all material respects and affirmed its conclusion.

We agree with the Board of Review. In regard to the shoulder tear, there is ample evidence that it should not be added as a compensable component of the claim. Dr. Mukkamala noted that Mr. Bowens had a long history of degenerative changes in the shoulder joint. Dr. Mukkamala also had the benefit of a post-operative report from Dr. McCleary that opined that there was no rotator cuff tear. However, there was a labral degenerative tear. Since the labral tear was degenerative in nature, it was not in error for the Office of Judges and Board of Review to

2

conclude it was not work related. However, the record demonstrates that Mr. Bowens presented with wrist and elbow pain to Dr. McCleary on the initial visit. Dr. McCleary also noted Mr. Bowens's continued complaints of right elbow and wrist pain. Finally, the physical therapist also noted wrist pain. Since the evidence of record demonstrates that Mr. Bowens did suffer a wrist sprain, the Board of Review was not in error when they reversed the Office of Judges on the issue.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II